# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVSION

| | |
|---|---|
| TIMOTHY LEE SOLLOWAY, | 2:18-cv-11679-TGB-PTM |
| Petitioner, | HON. TERRENCE G. BERG<br>HON. PATRICIA T. MORRIS |
| vs. | |
| THOMAS WINN, | ORDER GRANTING PETITIONER'S MOTION TO HOLD PETITION IN ABEYANCE AND GRANTING RESPONDENT'S MOTION TO HOLD ORDER FOR RESPONSIVE PLEADING IN ABEYANCE |
| Respondent. | |

*Pro se* Petitioner Timothy Lee Solloway is a state prisoner at the Saginaw Correctional Facility in Freeland, Michigan. On May 29, 2018, Petitioner filed an application for writ of habeas corpus under 28 U.S.C. §2254.[1] ECF No. 1. Currently before the Court are Petitioner's motion

---

[1] The petition is unsigned and undated but it was postmarked on May 24, 2018, received by the Clerk of this Court on May 25, 2018, and filed on May 29, 2018. *See* Pet. for Writ of Habeas Corpus, at 1, 14, 76, ECF No. 1.

to hold his habeas petition in abeyance while he continues to exhaust his state court remedies (ECF No. 5), and Respondent's motion to hold in abeyance the Court's order for responsive pleading (ECF No. 6). The Court will grant both motions.

**BACKGROUND**

Following a bench trial in Cass County Circuit Court, Petitioner was convicted of one count of first-degree criminal sexual conduct and two counts of failing to comply with Michigan's Sex Offender Registration Act (SORA). *See* Mich. Comp. Laws § 750.520b(1)(a); Mich. Comp. Laws § 28.723, *et seq.*; *People v. Solloway*, 891 N.W.2d 255, 261 (Mich. Ct. App. 2016) (*per curiam*). On October 31, 2014, the state trial court sentenced Petitioner as a fourth habitual offender to life imprisonment for the criminal sexual conduct conviction, and to two concurrent terms of three to seven years in prison for failing to comply with SORA. *Solloway*, 891 N.W.2d at 261.

Petitioner filed a direct appeal in the Michigan Court of Appeals alleging there was insufficient evidence to support his conviction, that the SORA provisions under which he was convicted were

unconstitutionally vague, as well as claims for ineffective assistance of trial counsel, prosecutorial misconduct, and admission of irrelevant and prejudicial evidence. *See generally id*. The state appellate court vacated Petitioner's convictions for failing to comply with SORA but affirmed his conviction for first-degree criminal sexual conduct. *Id*. at 274. The Michigan Supreme Court denied Petitioner leave to appeal that decision on May 24, 2017, explaining that it was "not persuaded that the questions presented should be reviewed" by the court. *People v. Solloway*, 894 N.W.2d 604 (Mich. 2017).

Petitioner subsequently filed a motion for relief from judgment in the state trial court. The court denied that motion on or about January 9, 2018. Appellate Docket Sheet, *People of MI v. Timothy Lee Solloway*, No. 343238, Docket No. 2 (Mich. Ct. App.). Petitioner sought leave to appeal the decision on or about April 9, 2018, and that request remained pending in the Michigan Court of Appeals when Petitioner filed his application for writ of habeas corpus in this Court on May 29, 2018. *See* Pet. for Writ of Habeas Corpus, 12, ECF No. 1; Appellate Docket Sheet, No. 343238, Docket No. 1. The Michigan Court of Appeals eventually

denied Petitioner's application for leave to appeal on September 4, 2018. *People of MI v. Timothy Lee Solloway*, No. 343238 (Mich. Ct. App. Sep. 4, 2018). On or about November 2, 2018, Petitioner filed a timely application for leave to appeal to the Michigan Supreme Court, as well as a motion to remand his case to the trial court for an evidentiary hearing. Appellate Docket Sheet, No. 343238, Docket Nos. 11, 12. His appeal and motion remain pending before the state supreme court.

Petitioner's habeas petition centers on allegations that his trial attorney was ineffective and failed to properly identify and investigate potential defense theories and to impeach adverse witnesses at trial. *See generally* Pet. for Writ of Habeas Corpus, 12, ECF No. 1. Specifically, Petitioner says his attorney should have investigated whether MM, the complainant in the underlying criminal case, suffered from a hereditary disease that might have caused rectal bleeding, and should have investigated whether MM's mother encouraged MM to lie during his trial testimony to ensure Petitioner was convicted. *See id.*, App. at 1–2. Additionally, among other claims, Petitioner asserts the state trial judge

4

improperly considered inadmissible testimony by the Sexual Assault Nurse Examiner who examined MM. *Id.*

On September 21, 2018, shortly after the Michigan Court of Appeals denied Petitioner leave to appeal his motion for relief from judgment, Petitioner filed a motion asking this Court to hold his habeas petition in abeyance pending conclusion of his state court post-conviction proceedings. ECF No. 5. In that motion, the Petitioner indicated he was continuing to exhaust state court remedies for his claims, including at least one seemingly new claim not expressly set forth in this current habeas petition—specifically, the existence of new evidence that MM, the complainant, has recanted his trial testimony. Mot. to Hold in Abeyance, ECF No. 5.

Respondent did not oppose Petitioner's motion asking the Court to hold his petition in abeyance while he continues to exhaust state court remedies. Respondent did, however, file a separate motion asking the Court also to hold in abeyance its June 1, 2018 Order requiring Respondent to file a responsive pleading until this Court either rules on Petitioner's motion to hold his habeas petition in abeyance, or the

5

Michigan Supreme Court rules on Petitioner's application for leave to appeal. *See* Min. Entry dated June 1, 2018; ECF No. 5.

## ANALYSIS

Petitioner indicates he is still in the process of exhausting state court remedies because the Michigan Supreme Court has not yet ruled on his motion for leave to appeal the trial court's denial of his motion for relief from judgment. *See* Pet.'s Mot. to Hold in Abeyance, ECF No. 5. In this situation, the Court agrees holding Petitioner's habeas petition in abeyance until the Michigan Supreme Court rules on his claims for post-conviction relief is appropriate.

The doctrine of exhaustion of state remedies requires state prisoners to give the state courts an opportunity to act on their claims before they present them to a federal court in a habeas corpus petition. *See* 28 U.S.C. § 2254(b)(1), (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). This requirement is satisfied if the prisoner "invok[es] one complete round of the State's established appellate review process," including a petition for discretionary review in the state supreme court "when that review is part of the ordinary appellate review procedure in

6

the State." *O'Sullivan*, 526 U.S. at 847. Accordingly, to properly exhaust state remedies a prisoner must fairly present the factual and legal basis for each of his claims to the state court of appeals and to the state supreme court before raising those claims in a federal habeas corpus petition. *Wagner v. Smith*, 581 F.3d 410, 414–15 (6th Cir. 2009). *Cf. Rose v. Lundy*, 455 U.S. 509 at 510, 522 (1982) (explaining that a federal court ordinarily must dismiss a petition containing any unexhausted claims). Because dismissal of the habeas petition while Petitioner pursues state court remedies could result in a subsequent petition being barred by the one-year statute of limitations, the Court will instead hold Petitioner's habeas petition in abeyance until he finishes the process of exhausting state court post-conviction remedies. *See* 28 U.S.C. § 2244(d).

The United States Supreme Court has approved a "stay and abeyance" procedure that allows district courts to stay federal court proceedings and hold a habeas petition in abeyance while the petitioner pursues state remedies for his or her unexhausted claims. *See Rhines v. Weber*, 544 U.S. 269, 275 (2005). After the prisoner exhausts his state court remedies, the federal court can lift its stay and allow the petitioner

7

to proceed in federal court. *Id.* at 275–76. This procedure normally is available when the petitioner had good cause for the failure to exhaust his state court remedies, the unexhausted claims are potentially meritorious, and the petitioner is not engaged in abusive litigation tactics. *Id.* at 278. If the prisoner satisfies those conditions, the district court should stay, rather than dismiss, the petition. *Id.*

Petitioner's habeas petition contains at least one claim that appears to have been fully exhausted—ineffective assistance of counsel. *See* Pet. for Writ of Habeas Corpus, at 2–3, ECF No. 1. Federal district courts ordinarily have authority to issue stays and courts in this district have permitted habeas petitioners to stay fully exhausted habeas claims pending the exhaustion of other claims in state court. *See, e.g.*, *Foster v. Winn*, No. 15-12265, 2017 WL 4296602 (E.D. Mich. Sep. 28, 2017) (Michelson, J.); *Thomas v. Stoddard*, 89 F.3d 937 (E.D. Mich. 2015) (Michelson, J.); *See also Mena v. Long*, 813 F.3d 907, 910 (9th Cir. 2016) (holding that a district court has discretion to issue stays in cases of fully exhausted petitions).

Here, Petitioner's unexhausted claims are not plainly meritless, and he does not appear to be engaged in intentionally dilatory litigation tactics. Petitioner further indicates he only recently discovered evidence that MM recanted his trial testimony. *See* Pet.'s Mot. to Hold in Abeyance, ECF No. 5 ("Petitioner's newly discovered evidence – His son recanting his trial testimony."). The unavailability of this evidence at the time Petitioner filed his original habeas petition constitutes good cause for a stay. *See Eatmon v. Bell*, 08-131211, 2012 WL 1048460, at *2 (E.D. Mich. Mar. 7, 2012) (Komives, M.J.) (Finding that discovery of new evidence supporting petitioner's habeas petition established good cause for a stay). The Court concludes that it would not be an abuse of discretion to stay this case while Petitioner continues to exhaust his state court remedies. The Court therefore grants Petitioner's motion to hold this case in abeyance. ECF No. 5. The Court also grants Respondent's motion to hold the order for responsive pleading in abeyance. ECF No. 6.

## CONCLUSION

Petitioner's motion to hold his petition for writ of habeas corpus in abeyance pending the Michigan Supreme Court's review of his motion for post-conviction relief is hereby **GRANTED.** Petitioner shall notify this Court of the Michigan Supreme Court's decision on his case within 60 days of that court's ruling. If Petitioner wishes to amend his habeas corpus petition after the Michigan Supreme Court's ruling, he must do within 60 days of the Michigan Supreme Court's decision on his request for post-conviction relief. Respondent's motion to hold this Court's June 1, 2018 Order requiring a responsive pleading in abeyance is also **GRANTED.** Respondent shall have 45 days from the date of Petitioner's notification to the Court of the Michigan Supreme Court's decision or 45 days from the filing of his amended habeas petition to file its response, whichever is later. Petitioner shall then have 45 days from the date of Respondent's response to file his reply. Failure to comply with this order could result in the dismissal of this case. *Calhoun v. Bergh*, 769 F.3d 409, 411 (6th Cir. 2014).

**SO ORDERED.**

Dated: January 15, 2019    s/Terrence G. Berg
TERRENCE G. BERG
UNITED STATES DISTRICT JUDGE

**Certificate of Service**

    I hereby certify that this Order was electronically submitted on January 15, 2019, using the CM/ECF system, which will send notification to all parties.

s/Amanda Chubb
Case Manager