UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| **TIMOTHY LEE SOLLOWAY**, <br><br> Petitioner, <br><br> v. <br><br><br> **THOMAS WINN**, <br><br> Respondent. | **2:18-CV-11679-TGB-PTM** <br><br> HON. TERRENCE G. BERG <br><br> **OPINION AND ORDER GRANTING PETITIONER'S MOTION TO AMEND (ECF NO. 11) AND DENYING MOTION FOR AN EVIDENTIARY HEARING (ECF NO. 10)** |

Petitioner Timothy Lee Solloway is a Michigan prisoner presently confined at the Saginaw Correctional Facility in Freeland, Michigan. Solloway is serving a life sentence for first-degree criminal sexual conduct. He has filed a pro se petition for a writ of habeas corpus seeking relief under 28 U.S.C. § 2254. Before the Court are Solloway's Motions to Amend (ECF No. 11) and for an Evidentiary Hearing (ECF No. 10). For the reasons stated below, the Motion to Amend will be **GRANTED,** and the Motion for an Evidentiary Hearing will be **DENIED**.

## I.    BACKGROUND

Solloway was accused and convicted of sexually assaulting his nine-year-old son. In 2014, Solloway was convicted by bench trial of first-degree criminal sexual conduct (person under 13) (CSC-I),

MCL § 750.520b(1)(a), and two counts of failure to comply with Michigan's Sex Offender Registration Act ("SORA") in the Cass County Circuit Court. The trial court sentenced him as a fourth-offense habitual offender, MCL § 769.12, to concurrent terms of life imprisonment for his criminal-sexual-conduct conviction and three to seven years for his SORA convictions.

Solloway filed a direct appeal in the Michigan Court of Appeals, raising claims concerning the sufficiency of the evidence, the constitutionality of the SORA statute, ineffective assistance of trial counsel, evidentiary error, the right to present a defense, and prosecutorial misconduct. The Michigan Court of Appeals affirmed his CSC-I conviction. Still, it vacated his convictions for failing to comply with SORA and remanded for correction of the presentence investigation report and the judgment of sentence. *People v. Solloway*, 891 N.W.2d 255, 274 (Mich. Ct. App. 2016). Solloway applied for leave to appeal in the Michigan Supreme Court. On May 24, 2017, the supreme court denied the application on the basis that it "was not persuaded that the questions presented should be reviewed by this [c]ourt." *People v. Solloway*, 894 N.W.2d 604 (Mich. 2017).

On July 28, 2017, Solloway returned to the trial court and filed a motion for relief from judgment containing the following claims:

I.    Whether Defendant's newly discovered evidence – his son recanting his trial testimony requires this Court to order a *Walker* hearing in the interest of justice and

vacate Defendant's conviction based on the newly discovered evidence?

II.    Whether the SANE Nurse being allowed to testify to hearsay and stating to the judge that Defendant sexually abused the alleged victim violated the Confrontation Clause and deprived Defendant of a fair trial requires reversal as a matter of law?

III.   Whether Defendant was denied the effective assistance of trial counsel contrary to the Sixth Amendment of the U.S. Constitution, which deprived Defendant of a fair trial when counsel failed to request an expert, object to inadmissible expert testimony, to call witnesses that were exculpatory to Defendant's defense and to call an independent DNA expert requires this Court to grant new trial?

IV.    Whether the trial court erred by not allowing Defendant to introduce evidence that Defendant's ex-wife coerced Defendant's son to make false allegations against Defendant prior to his allegations in this case?

V.     Whether the trial judge's findings are contrary to the facts and whether the judge failed to resolve credibility issues in his findings which requires reversal and a new trial?

On or about January 9, 2018, the trial court denied that motion on the basis that the issues presented were addressed in Solloway's direct appeal and his claims did not entitle him to relief under Michigan Court Rules 6.502(C) or 6.508(G)(2). ECF No. 15-10, PageID.779. Solloway sought leave to appeal the decision, which the Michigan Court of Appeals denied on September 4, 2018. *People v. Solloway*, No. 343238

3

(Mich. Ct. App. Sep. 4, 2018). On or about November 2, 2018, Solloway filed a timely application for leave to appeal to the Michigan Supreme Court, as well as a motion to remand his case to the trial court for an evidentiary hearing.

While his appeal was pending in the state appellate court, Solloway filed his present petition in this Court, raising the sole claim of ineffective assistance of trial counsel. Solloway also filed a motion to stay and hold the petition in abeyance so that he could exhaust additional claims in the state courts. ECF No. 5. On January 15, 2019, the Court granted Solloway's motion to stay and administratively closed the case. ECF No. 7. His appeal and motion remained pending before the state supreme court when the Court granted the motion to stay.

On May 24, 2019, the Michigan Supreme Court vacated the trial court's order denying the motion for relief from judgment and ordered that Solloway's case be remanded to the trial court for re-evaluation if Solloway's motion was not returned to him. *People v. Solloway*, 926 N.W.2d 809 (Mich. 2019). On August 9, 2019, the trial court issued a letter returning the motion for relief from judgment to Solloway. ECF No. 15-11, PageID.780. Solloway subsequently filed two other motions for relief from judgment in the trial court, which the trial court returned to him. ECF No. 15-1, PageID.309. At this time, Solloway has not had his actual innocence claim adjudicated by the state courts.

Presently before the Court are Solloway's motions to amend the

habeas petition and for an evidentiary hearing. Solloway seeks to amend his petition to assert a claim that he is actually innocent of his CSC-I conviction based on his son's unsworn recantation of his trial testimony. He seeks an evidentiary hearing to develop further the facts supporting the claim.

## II.  DISCUSSION

First, the Court addresses Solloway's Motion to Amend his petition to add a claim of actual innocence. Under the Federal Rules of Civil Procedure, a party may amend a pleading to which a response is required within 21 days after service of the responsive pleading. *See* Fed. R. Civ. P. 15(a)(1). Solloway filed his motion before Respondent filed a response to the habeas petition; therefore, he has a right to amend without seeking the Court's permission. The Court will, thus, grant his motion.

Second, Solloway seeks an evidentiary hearing on his actual innocence claim. Solloway asserts that he is entitled to an evidentiary hearing based on newly discovered evidence of a private investigator's transcript of an audio recording detailing the victim's recanted testimony. The Court concludes that an evidentiary hearing is not warranted at this time.

The Court notes that "recanting affidavits are always viewed with extreme suspicion." *See Williams v. Coyle*, 260 F.3d 684, 708 (6th Cir. 2001) (internal quotation marks omitted); *see also Herrera v. Collins*,

506 U.S. 390, 417 (1993) (rejecting habeas claim of actual innocence because the "affiants' statements are obtained without the benefit of cross-examination and an opportunity to make credibility determinations[,]" among other reasons). In addition, "the skepticism with which a court examines such an affidavit is only heightened when the recanting witness is a family member and the witness may have feelings of guilt or may be influenced by family members seeking to change the witness's story." *United States v. Coker*, 23 F. App'x 411, 412 (6th Cir. 2001). Skepticism about recantations is especially applicable in cases of child sexual abuse, where recantation is a recurring phenomenon, such as where family members are involved, and the child has feelings of guilt or where family members seek to influence the child to change the story. *United States v. Miner*, 131 F.3d 1271, 1273–1274 (8th Cir. 1997) (quoting *United States v. Provost*, 969 F.2d 617, 621 (8th Cir. 1992)).

Under the Rules Governing Section 2254 Cases, the respondent is required to submit all transcripts and documents relevant to the determination of the habeas petition when the answer is filed. Rule 5, 28 U.S.C. foll. § 2254. The Court may require that the record be expanded to include additional relevant materials. Rule 7, 28 U.S.C. foll. § 2254. The Court may also determine whether an evidentiary hearing is required after the answer and the state court record are filed. Rule 8, 28 U.S.C. foll. § 2254. Under the federal habeas statute, facts

6

determined by a state court are presumed correct, absent clear and convincing evidence to the contrary. 28 U.S.C. § 2254(e)(1). An evidentiary hearing is available under that rule only when the claim relies upon a new rule of constitutional law or a new factual predicate, and the facts underlying the claim would show by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty. 28 U.S.C. § 2254(e)(2).

The Court has yet to review this case in detail. Upon preliminary review, however, the Court finds that an evidentiary hearing under Rule 8 or 28 U.S.C. § 2254(e) is unnecessary based on the filings and state-court record before it. The Court, however, shall bear in mind Solloway's request. Should the Court determine, upon further review, that an evidentiary hearing is needed for the proper resolution of this case, it will enter an appropriate order.

**IT IS THEREFORE ORDERED** that Solloway's Motion to Amend (ECF No. 11) is **GRANTED,** and his Motion for an Evidentiary Hearing (ECF No. 10) is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED.**

Dated: September 25, 2024          s/Terrence G. Berg
                                   TERRENCE G. BERG
                                   UNITED STATES DISTRICT JUDGE

7